```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
LAKIESHA WOOD, on behalf of MAC,             :
                                             :
                        Plaintiff,           :      MEMORANDUM DECISION
                                             :      AND ORDER
            -against-                        :
                                             :      19 Civ. 1086 (GBD) (SLC)
COMMISSIONER OF THE SOCIAL SECURITY          :
ADMINISTRATION,                              :
                                             :
                        Defendant.           :
------------------------------------- x
```

GEORGE B. DANIELS, United States District Judge:

Plaintiff Lakiesha Wood, on behalf of her minor child, MAC, brings this action against Defendant the Commissioner of the Social Security Administration under the Social Security Act (the "Act"), 42 U.S.C. §§ 405(g), 1383(c)(3), seeking review of an administrative law judge ("ALJ")'s decision denying MAC Supplemental Security Income benefits. (Compl., ECF No. 1.) Plaintiff moved to remand this action for further administrative proceedings pursuant to Section 405(g) of the Act and Defendant moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Notice of Mot. to Remand, ECF No. 17; Notice of Mot. for J. on the Pleadings, ECF No. 22.)

Before this Court is Magistrate Judge Sarah L. Cave's January 31, 2020 Report and Recommendation (the "Report"), recommending that Plaintiff's motion to remand be denied and Defendant's motion for judgment on the pleadings be granted. (Report, ECF No. 25, at 29.) Magistrate Judge Cave advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.*) Plaintiff filed timely objections. (Pl.'s Objs. to the Mag. J.'s R. & R. ("Objs."), ECF No. 28.) Defendant filed responses to those objections. (The Comm'r's Resp. to Pl.'s Objs. to the Mag. J.'s R. & R., ECF No. 29.) Having

reviewed Magistrate Judge Cave's Report, as well as Plaintiff's objections and Defendant's responses, this Court ADOPTS the Report in full and overrules Plaintiff's objections. Accordingly, Plaintiff's motion to remand is DENIED and Defendant's motion for judgment on the pleadings is GRANTED.

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* The court, however, need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Rather, it is sufficient that the court "arrive at its own, independent conclusion" regarding those portions of the report to which objections are made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (citation omitted).

Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). The clear error standard also applies if a party's "objections are improper—because they are 'conclusory,' 'general,' or 'simply rehash or reiterate the original briefs to the magistrate judge.'" *Stone v. Comm'r of Soc. Sec.*, No. 17 Civ. 569 (RJS), 2018 WL 1581993, at *3 (S.D.N.Y. Mar. 27, 2018) (citation omitted). Clear error is present when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

Plaintiff's objections merely reiterate her arguments that were previously presented to Magistrate Judge Cave, warranting this Court to review the Report for clear error. Specifically, Plaintiff asserted in her motion for remand, and now asserts again in her objections to the Report, that ALJ Vincent M. Cascio failed to adequately develop the record and that MAC's impairments

met, medically equaled, or functionally equaled the criteria of Listing 112.05. (*Compare* Mem. of Law in Supp. of Pl.'s Mot. for Remand for Further Admin. Proceedings, ECF No. 18, at 20–25 (claiming that ALJ Cascio failed to fully develop the record and that the record demonstrates that Plaintiff met the requirements of Listing 112.05), *with* Objs. at 4–10 (same).) This Court carefully reviewed Magistrate Judge Cave's comprehensive and well-reasoned Report and finds no error, clear or otherwise. Accordingly, Plaintiff's objections are OVERRULED, and Magistrate Judge Cave's Report is ADOPTED.

Defendant's motion for judgment on the pleadings, (ECF No. 22), is GRANTED. Plaintiff's motion to remand, (ECF No. 17), is DENIED. The Clerk of Court is directed to close the motions accordingly.

Dated: New York, New York
      March 24, 2020

MAR 2 4 2020

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

3